UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL JENNERJAHN,<br><br>Plaintiff<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. CV 15-00263-JFW (GJS)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint ("FAC"), Defendant's Motion to Dismiss [Docket No. 29, "Motion"] and all related filings, all pleadings and other documents filed in this action, and the Report and Recommendation of United States Magistrate Judge ("Report"). The time for filing Objections to the Report has passed, and no Objections have been filed by any party.

    The Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that the Motion is GRANTED as follows:

        (1) the FAC's claim that the Ordinance facially violates the Fourteenth Amendment Due Process Clause, because it is unconstitutionally vague, is dismissed without leave to amend and with prejudice;

(2) the FAC's claim that the Ordinance facially violates Section 2 of the Voting Rights Act of 1965 and constitutes an improper "test or device" is dismissed with prejudice for lack of jurisdiction;

(3) the FAC's claim that the Ordinance facially violates the Equal Protection Clause of the Fourteenth Amendment, because it grants voters who live, work, or own property in multiple neighborhoods more voting power and disenfranchises voters who do not live, work, or own property in the neighborhood, is dismissed without leave to amend and with prejudice;

(4) the FAC's Section 1983 claim that the City (through Cantu, acting in his official capacity) arbitrarily discriminated against Jennerjahn when, in applying the Ordinance, it kept Jennerjahn him the ballot and from voting, in violation of the Equal Protection Clause of the Fourteenth Amendment is dismissed with leave to amend;

(5) the FAC's Section 1983 claim that the City (through Cantu, acting in his official capacity) violated Jennerjahn's rights under the Due Process Clause of the Fourteenth Amendment by disqualifying him as a voter/candidate is dismissed without leave to amend;

(6) the FAC's Section 1983 claim that the City (through Cantu, acting in his official capacity) retaliated against Jennerjahn for exercising his First Amendment right of political speech is dismissed with leave to amend; and

(7) Jennerjahn is granted leave to file a Second Amended Complaint consistent with the Report and Recommendation within 30 days of this Order.

DATED: April 5, 2016.

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE