FILED
CLERK, U.S. DISTRICT COURT
6/1/2016
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL JENNERJAHN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. CV 15-00263-JFW (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On April 5, 2016, the Court granted Defendants' Motion to Dismiss the First Amended Complaint and granted Plaintiff 30 days leave to amend to file a Second Amended Complaint [Dkt. 35, the "April 5 Order"]. Plaintiff did not comply with the April 5 Order.

On May 11, 2016, United States Magistrate Judge Gail A. Standish issued an Order to Show Cause regarding Plaintiff's noncompliance with the April 5 Order [Dkt. 36, the "OSC"]. The OSC noted Plaintiff's noncompliance and advised him that this case was subject to dismissal, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The OSC directed Plaintiff to take one of two actions by no later than May 21, 2016: (1) "file and serve a response to this Order explaining his failure to comply with the District Judge's April 5 Order"; or (2) "file

and serve a Second Amended Complaint that complies with the April 5 Order." In addition, the OSC advised Plaintiff that "the failure to comply with this Order will be deemed to constitute his consent to the dismissal of this case, without prejudice."

On or about May 19, 2016, Plaintiff sent an e-mail to a member of the Clerk's Office that appended a photograph of a one-page "motion" for an extension of time. The motion was not served on counsel for Defendants, in violation of Fed. R. Civ. P. 5, and was non-responsive to the OSC. Plaintiff's motion stated two things. First, he complained that, in February 2015, he advised defense counsel that he wished to receive documents electronically but defense counsel "continued to mail documents" to Plaintiff's docket address. The record shows, however, that Defendants have not filed any documents in this case since January 19, 2016, and that they served Plaintiff electronically at that time, as they did with their prior November 29, 2015 filing in this case [*see* Docket No. 29]. Second, Plaintiff states that he "only became aware of Defendant City [*sic*] answer in the last few days." This assertion is inexplicable given that there is no operative complaint in this case, Defendants have not filed any answer, and Plaintiff plainly was aware of the Motion to Dismiss, as he filed an Opposition to it.

The "motion" was rejected and returned unfiled on May 20, 2016, given Plaintiff's noncompliance with Fed. R. Civ. P. 5 and its nonresponsive nature [*see* Dkt. 37]. Over ten days have passed since Plaintiff received electronic notice of that action, but he has done nothing, and he remains in noncompliance with both the April 5 Order and the OSC.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic

1 sanctions; and (5) the public policy favoring the disposition of cases on their merits.
2 *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963
3 F.2d 1258, 1260-61 (9th Cir. 1992).
4     In this case, only the fifth factor, the general policy favoring resolution of
5 cases on the merits, arguably could favor retention of this action on the Court's
6 docket. However, there is no operative complaint in this case, because for the
7 reasons set forth in the Magistrate Judge's March 15, 2016 Report and
8 Recommendation [Dkt. 34], the First Amended Complaint was significantly
9 defective. Hence, the merits of Plaintiff's claims, if any, do not favor retention of
10 this case on the docket.
11     Plaintiff's delay necessarily implicates both the public interest in the expeditious
12 resolution of litigation and the Court's need to efficiently manage its docket, the first
13 and second factors. *See Pagtalunan*, 291 F.3d at 642; *see also Yourish v. California*
14 *Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's failure to comply with
15 both this Court's April 5 Order and the Magistrate Judge's OSC has caused this
16 action to come to a halt, thereby impermissibly allowing Plaintiff, rather than the
17 Court, to control the pace of the proceedings in this case. *Id.*
18     The third factor -- possible prejudice to the opposing party -- is, at best, neutral
19 to Plaintiff. The Complaint is based on early January 2014 events related to a
20 neighborhood council election. While there is no evidence that Plaintiff's actions
21 have resulted in any actual prejudice to any Defendant as yet, the Ninth Circuit has
22 held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31
23 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Communications Corp.*, 589
24 F.2d 959, 967-68 (9th Cir. 1978).
25     In addition, the fourth factor favors dismissal. Plaintiff was advised explicitly
26 that his failure to comply with the OSC would be deemed to constitute his consent
27 to the dismissal of this case. Nonetheless, he failed to do so, instead emailing a
28 photograph of a "motion" that not only was entirely non-responsive to the OSC but

which failed to proffer a single tenable reason for his failure to comply with the April 5 Order and to move this case forward.  Although Plaintiff received an explanation of why the Motion was not being filed, he failed to take any action.  Having been so cautioned, yet having failed to act and to comply with two Court Orders, it appears that Plaintiff does not intend to pursue this case.  Under these circumstances, dismissal is appropriate.

A balancing of the relevant factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See Yourish*, 191 F.3d at 992 (finding Rule 41(b) dismissal, based on the plaintiff's failure to file an amended complaint as ordered, was warranted when strongly supported by three factors).

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

**IT IS SO ORDERED.**

DATED:  June 1, 2016

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE